UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TIZA WILDER,

                      Plaintiff,

  -v-

UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS, *et al.*,

                      Defendants.

No. 14-cv-10072 (RJS)
OPINION AND ORDER

RICHARD J. SULLIVAN, District Judge:

    Plaintiff Tiza Wilder, proceeding *pro se*, brings this action primarily against (1) her former employer, the U.S. Department of Veterans Affairs (the "VA"), alleging discrimination on the basis of her race and sex in violation of federal, state, and local law, and (2) her former union, the American Federation of Government Employees, AFL-CIO, Local 1151 (the "Union"), alleging breach of the duty of fair representation in violation of federal law.  Now before the Court are Defendants' motions to dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), and for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  (Doc. Nos. 35, 48.)  For the reasons set forth below, the Court grants Defendants' motions and dismisses this action, with leave to amend with respect to Plaintiff's discrimination claim against the VA.

I. BACKGROUND

    Plaintiff was employed by the VA from March 16, 2008 through April 16, 2013, when she was terminated for allegedly failing to complete the VA's "Annual Certification of Veteran Status and Veterans Relative" (the "VA Form") and for failing to follow instructions.  (Doc. No. 2

("Compl.") at 8; *see also* Doc. No. 2-18 ("April 10 Letter").)[1]  On May 6, 2013, Plaintiff challenged the VA's removal decision and sought reinstatement by filing a grievance complaint alleging an adverse personnel action through the negotiated grievance procedure established under a collective bargaining agreement (the "Collective Bargaining Agreement") between the Union and the VA.  (Doc. No. 2-24 ("Grievance Complaint").)  Thereafter, the VA denied Plaintiff's reinstatement request and, on June 3, 2013, Plaintiff invoked her right under the Collective Bargaining Agreement to have the Union bring her claim against the VA in arbitration.  (*See* Doc. Nos. 2-26–2-28.)  On June 11, 2013, after indicating that it would pursue her claim in arbitration, the Union did an about-face, informing Plaintiff that it would not be submitting her claims to arbitration on her behalf, and advising her that if she still wished to pursue arbitration against the VA, she must do so at her own expense.  (Doc. No. 2-30.)  On June 19, 2013, two days after the Union confirmed that it was closing her Grievance Complaint, Plaintiff appealed the denial of her Grievance Complaint to the Merit Systems Protection Board ("MSPB").  (Doc. No. 2-32.)  On July 17, 2013, apparently at the MSPB's request, Plaintiff submitted two letters to the MSPB explaining why Plaintiff failed to timely file an appeal.  (*See id.*)  At some point, the MSPB dismissed the appeal for lack of jurisdiction (*see* Compl. at 17; *see also* Doc. No. 39 at 2 n.2), although the timing and the specific basis for the dismissal remains unclear.

Thereafter, in July 2014, Plaintiff filed an administrative complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging that the VA had discriminated against her on the basis of her sex and terminated her under "false pretenses."  (*See* Compl. at 3.)  On

---

[1] The facts are drawn from the Complaint (Doc. No. 2) and the exhibits attached thereto (Doc. Nos. 2-1–2-39), which the Court assumes to be true and liberally construes in Plaintiff's favor for the purpose of deciding Defendants' motions.  *See Harris v. Miller*, --- F.3d ----, No. 14-2957, 2016 WL 963904, at *3 (2d Cir. Mar. 15, 2016). In resolving these motions, the Court has also considered Defendants' opening briefs (Doc. Nos. 36, 49) and declarations (Doc. Nos. 41–42) submitted in support of their motions; Plaintiff's "affirmations" in opposition to Defendants' motions (Doc. Nos. 45, 54); and Defendants' reply briefs (Doc. Nos. 52, 56).

September 10, 2014, Plaintiff received a right to sue letter from the EEOC, and on December 2, 2014 (*id.* at 3–7), Plaintiff initiated this action by filing a standard-form employment discrimination complaint, along with thirty-nine exhibits attached thereto (collectively, the "Complaint"). (Doc. Nos. 2 and 2-1–2-39.)

In addition to the VA and the Union, the Complaint also names as Defendants numerous individual VA employees, including Doretha Turner, Joseph Corretjer, George Seper, Ira Tasman, Jivan Ji Kaur Soverall, Bruce Weston, Ana Davis, Michael Branam, and Arlyn De La Rosa (collectively, with the VA, the "VA Defendants"); the U.S. Department of Homeland Security ("DHS") and DHS security officers assigned to the VA building where Plaintiff worked (collectively, the "DHS Defendants," and with the VA Defendants, the "Federal Defendants"); and the Union and its former president, Anthony Jones ("Defendant Jones") (collectively, the "Union Defendants," and with the Federal Defendants, "Defendants"). In essence, the Complaint alleges that the VA Defendants discriminated against Plaintiff on the basis of her race and sex in violation of Title VII of the Civil Rights Act of 1964, and New York State and City law (Doc. No. 2 at 1–3), and that the Union failed to adequately represent her in the negotiated grievance procedure and arbitration process in violation of the Civil Service Reform Act of 1978 (the "CSRA").

On July 22, 2015 and August 14, 2015, Defendants filed their motions to dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), and for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (Doc. Nos. 35, 48.) These motions were fully briefed as of September 15, 2015. (*See* Doc. Nos. 36, 45, 49, 52, 54, and 56.)

II. LEGAL STANDARDS

In ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept as true all factual allegations in the complaint and draw all reasonable

inferences in favor of the plaintiff. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). To survive a Rule 12(b)(6) motion, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). By contrast, a pleading that only "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). If a plaintiff "ha[s] not nudged [her] claims across the line from conceivable to plausible, [her] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

Moreover, in determining whether to dismiss a *pro se* complaint, a district court must construe the "*pro se* complaint[] . . . liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Jackson v. County of Rockland*, 450 F. App'x 15, 18 (2d Cir. 2011) (citing *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). However, although *pro se* filings are read liberally and must be interpreted "to raise the strongest arguments that they suggest," *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (citation omitted); *Osby v. City of New York*, --- F. App'x ----, No. 14-3556, 2016 WL 403410, at *2 (2d Cir. Feb. 3, 2016), a *pro se* complaint must still "plead sufficient facts 'to state a claim to relief that is plausible on its face,'" *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

### III. DISCUSSION

The Court liberally construes Plaintiff's Complaint to allege (1) a discrimination claim based on a hostile work environment on the basis of Plaintiff's race and sex in violation of federal, state, and local law, and (2) a claim against the Union Defendants for breach of the duty of fair representation arising from the Union's representation of Plaintiff in the negotiated grievance

process under the CSRA. For the reasons set forth below, the Court dismisses the discrimination claim for failure to timely exhaust administrative exhaustion requirements under Title VII and dismisses the fair representation claim for lack of subject matter jurisdiction.

### A. Title VII Public Employment Discrimination Claim

#### 1. Statutory Framework

As an initial matter, when "discrimination is alleged [under] Title VII" by an aggrieved federal employee, the employee "must negotiate and exhaust the complex administrative regime that governs Title VII public employment cases in addition to the usual procedures for challenging an adverse personnel action under" the CSRA. *Butler v. West*, 164 F.3d 634, 638 (D.C. Cir. 1999) (citing *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 832–33 (1976)). The administrative requirements that a public employee must exhaust before seeking judicial review of her claims depends in part on "the nature of his claim." *Fernandez v. Chertoff*, 471 F.3d 45, 53 (2d Cir. 2006). Specifically, the framework established by the CSRA distinguishes between three types of claims that federal employees may assert against their federal employer: (1) "pure" adverse personnel action claims, (2) "pure" discrimination claims, and (3) "mixed" adverse action/discrimination claims, which "involve[] both a claim of discrimination *and* a challenge to other types of prohibited personnel actions taken by the [employer] agency that are ultimately appealable to the [MSPB]," including removal and an agency's denial of a reinstatement request. *Id.*; *see* 5 U.S.C. § 7702.

An aggrieved public employee's exhaustion requirements also turn on which route she initially pursues to resolve her claims against a federal agency – either the "negotiated grievance" procedure pursuant to a collective bargaining agreement between a union and a federal employer, or the "statutory" procedure set forth under the CSRA. *Fernandez*, 471 F.3d at 52. In general, the grievance procedure is "the exclusive administrative procedure for resolving grievances which fall

within" the collective bargaining "agreement's coverage." *Id.* (brackets omitted).  However, if a federal employee brings a "mixed" claim against a federal agency and the employee "is covered by a collective bargaining agreement that permits allegations of discrimination to be raised in a negotiated grievance procedure," the employee "may present [her] discrimination claims" through either (1) the "negotiated grievance process," or (2) the "statutory" procedure, 5 U.S.C. §§ 101 *et seq.*, "but not both," *Savarese v. U.S. Dep't of Hous. & Urban Dev.*, No. 04-cv-3660 (DC), 2005 WL 387152, at *3 (S.D.N.Y. Feb. 16, 2005), and her initial "election is *irrevocable*," *Fernandez*, 471 F.3d at 52.  "[O]nce an employee elects to pursue the negotiated grievance procedure and that process is carried out to completion, administrative review becomes available." *Id.* at 54.  After the employee exhausts her administrative remedies, she may then seek judicial review by bringing a Title VII action in federal district court.  *See id.*

### 2.  Plaintiff's Title VII Claim

Defendants move to dismiss Plaintiff's Title VII discrimination claim on failure to exhaust and timeliness grounds.  Perhaps not surprisingly, Title VII is "the exclusive remedy available to federal employees who allege employment discrimination" on the basis of "gender" or "race." *Lucenti v. Potter*, 432 F. Supp. 2d 347, 356 (S.D.N.Y. 2006) (citing *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 825–33 (1976); *Briones v. Runyon*, 101 F.3d 287, 289 (2d Cir. 1996)).  Thus, since Title VII "is the exclusive remedy" for such actions, the Court dismisses Plaintiff's discrimination claims brought under state and city law.  *See Lucenti*, 432 F. Supp. 2d at 366; *see also Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002). Nevertheless, as noted above, prior to bringing suit under Title VII in federal court, "a federal government employee must timely exhaust the administrative remedies at [her] disposal." *Mathirampuzha v. Potter*, 548 F.3d 70, 74 (2d Cir. 2008).

"Timely exhaustion of administrative remedies requires that a federal employee comply with applicable EEOC regulations." *Lucenti*, 432 F. Supp. 2d at 356 (citing 29 C.F.R. § 1614;

6

*Dillard v. Runyon,* 928 F. Supp. 1316, 1323 (S.D.N.Y. 1996), *aff'd*, 108 F.3d 1396 (2d Cir. 1997)). Under these regulations, "a government employee seeking to bring an employment discrimination claim must first seek informal . . . counseling within his agency, and then file a formal complaint with the agency." *Young v. U.S. Dep't of Homeland Sec.*, No. 10-cv-9571 (RJS), 2011 WL 6057849, at *1 (S.D.N.Y. Dec. 5, 2011). Specifically, pursuant to EEOC regulations, "prior to filing suit," a "federal employee" must:

> (1) consult with a counselor at the relevant agency's Equal Employment Office ("EEO") within 45 days of the alleged discriminatory act, and, if the matter is not resolved after a mandatory counseling period,
>
> (2) file a formal written administrative complaint ("EEO complaint") within 15 days of receipt of the EEO counselor's notice of final interview and right to file a formal complaint ("EEO notice").
>
> The employee may then file a civil action (i) within 90 days of notice of a final agency decision on his or her EEO complaint, or (ii) after 180 days from the filing of the EEO complaint if the agency has not yet rendered a decision.

*Mathirampuzha*, 548 F.3d at 74–75. With respect to the substance of the formal written administrative complaint, a plaintiff is generally required to specify in that complaint the statute under which her claim is being brought, the relevant parties, a brief statement of the claim, including the specific type of "discriminatory conduct" of which the plaintiff is complaining, the relevant facts, and whether she exhausted her federal administrative remedies. (*See* Compl.); *see also Mathirampuzha*, 548 F.3d at 75. "Only after final agency action may the complainant appeal to the EEOC or file an action in federal district court." *Young*, 2011 WL 6057849, at *1 (citing 29 C.F.R. §§ 1614.105); *see Boos v. Runyon*, 201 F.3d 178, 181 (2d Cir. 2000).

As the Supreme Court has cautioned, these procedural requirements "are not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1994); *see Pryor v. Nat'l Grid*, No. 10-cv-6507 (PAC) (THK), 2011 WL 3251571, at *2 (S.D.N.Y. July 28, 2011) (stating in context of Title VII claim,

7

"[a]lthough *pro se* litigants are usually offered leniency, when it comes to statutory filing deadlines courts have consistently held that even *pro se* plaintiffs must be held to strict compliance"). Thus, "[u]nexhausted claims must be dismissed." *Young*, 2011 WL 6057849, at *1 (citation omitted); *see also Lucenti*, 432 F. Supp. 2d at 357 ("Courts must strictly adhere to [Title VII's] procedural requirements for gaining access to the federal courts."); *see also Williams v. Potter*, No. 06-cv-8258 (LAP), 2007 WL 2375818, at *4 (S.D.N.Y. Aug. 14, 2007) ("[P]laintiff's failure to initiate contact with an EEO [c]ounselor within 45 days after the discriminatory incident bars a plaintiff's civil action and requires the dismissal of any Title VII . . . action in federal court.").

Here, Plaintiff filed an administrative complaint with the EEOC in July 2014 (the "EEOC complaint"), alleging a sex discrimination claim against her former employer, the VA. (Compl. at 3, 5.) As alleged, this was Plaintiff's first contact with anyone at the EEOC following her termination from the VA in April 16, 2013. This initial contact thus clearly fails to satisfy the procedural requirements set forth above, since, pursuant to those requirements, Plaintiff was required to first reach out to an EEO counselor and participate in "mandatory counseling" before filing an administrative charge with the EEOC itself. In any event, even if Plaintiff could have satisfied the initial contact requirement, Plaintiff's EEOC complaint was nevertheless untimely, as it was filed more than 45 days after the last discriminatory act on which Plaintiff's EEOC complaint is based – namely, her April 16, 2013 firing. Since Plaintiff's EEOC complaint was not filed until July 2014, which is well beyond the 45-day period prescribed by the statue and EEOC regulations, it is clear from the face of the Complaint that Plaintiff's EEOC complaint was untimely. Indeed, all of the conduct relevant to the employment discrimination claim asserted in Plaintiff's EEOC complaint falls well outside of this 45-day window.

Nevertheless, the 45-day exhaustion requirement "is subject to equitable tolling" when circumstances warrant. *Boos*, 201 F.3d at 184. "When determining whether equitable tolling is applicable, a district court must consider whether the person seeking application of the equitable tolling doctrine (1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80–81 (2d Cir. 2003). "The doctrine is 'highly case-specific,' and the 'burden of demonstrating the appropriateness of equitable tolling . . . lies with the plaintiff.'" *Hall v. Potter*, No. 06-cv-5003 (JFB) (AKT), 2009 WL 577753, at *6–7 (E.D.N.Y. Mar. 4, 2009) (quoting *Boos*, 201 F.3d at 184–85); *see also Smith v. Chase Manhattan Bank*, No. 97-cv-4507 (LMM), 1998 WL 642930, at *3 (S.D.N.Y. Sept. 18, 1998) ("[A] court must consider the equities of the excuse offered to explain the delay and may extend the limitations period if warranted."). "Courts have held that only in a limited number of cases do extraordinary circumstances exist." *Hall*, 2009 WL 577753, at *7; *see, e.g.*, *Smith*, 1998 WL 642930, at *4 (equitable tolling warranted where plaintiff "attest[ed] that he did not receive" notice of right to sue until deadline had passed "because the EEOC sent it to an incorrect address," plaintiff had previously "notified the EEOC of the change in his address," there had not been "any lack of diligence on plaintiff's part," and he timely commenced court action "within ninety days" after receiving the notice).

Here, the Complaint and Plaintiff's opposition papers are completely silent with respect to this timeliness issue. Thus, based on the current record, the Court has no basis from which to conclude that equitable tolling is warranted. To be sure, Plaintiff's Complaint alleges facts suggesting that Plaintiff acted with reasonable diligence and in a timely manner with respect to challenging the VA's removal decision through grievance procedures. (*See, e.g.*, Doc. No. 2-28

9

(June 3, 2013 Pl. Ltr. to Union (timely invoking right to have Union submit Plaintiff's Grievance Complaint to arbitration under Collective Bargaining Agreement following VA's "final decision" denying Plaintiff's reinstatement request)); *id.* (noting Defendant Jones' assurances that he would keep Plaintiff "informed of the [grievance] process" and that it would "be done correctly"); Doc. Nos. 2-31–32 (reflecting that Union withdrew from its representation of Plaintiff on June 17, 2013, prompting Plaintiff to file an appeal with the MSPB two days later on June 19, 2013); Doc. No. 2-32 (July 17, 2013 Pl. Ltr. to MSPB (explaining "troubling" reasons why her appeal was untimely, including Union's alleged misrepresentations to Plaintiff that it "was going to move forward and invoke arbitration" on Plaintiff's behalf)).) Indeed, the only deadline that Plaintiff missed in the negotiated grievance procedure context was allegedly the result of misleading statements made by the Union. (Doc. No. 2-31.) However, Plaintiff's conduct in the grievance process is largely irrelevant to the equitable tolling analysis, since Plaintiff's Grievance Complaint was not a "mixed" claim under the CSRA, and since, as the government points out, Plaintiff made no claim of racial or sex discrimination in the grievance process or, as far as the Court can tell, at any point in the months leading up to the filing of the EEOC complaint.[2]

Accordingly, since Plaintiff failed to timely exhaust her administrative remedies and has alleged no facts justifying the significant delay between her termination and her initial contact with

---

[2] While Plaintiff's Grievance Complaint refers to "hostile" interactions that Plaintiff had with other VA employees, and alleges that her termination was in "retaliation" for requesting a copy of her personnel file, nowhere in the Grievance Complaint, and at no other point in the grievance process, did Plaintiff allege any link between this "hostile" conduct on the one hand and her membership in a protected class based on race or sex on the other. *See Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986) ("[N]ot all workplace conduct that may be described as 'harassment' affects a 'term, condition, or privilege' of employment within the meaning of Title VII."); *see also Fitzgerald v. Henderson*, 251 F.3d 345, 356–57 (2d Cir. 2001). Accordingly, the Court finds that Plaintiff has failed to allege any facts from which the Court could reasonably infer that Plaintiff raised a discrimination claim in the grievance process. Since the law is clear that the Federal Circuit – and not this Court – has exclusive jurisdiction over "pure" adverse action claims initially pursued through the negotiated grievance process, Plaintiff may not seek judicial review of, or assert any claims arising from, her Grievance Complaint in this Court. *See Parola v. IRS*, No. 98-cv-7179 (JG), 1999 WL 1215557, at *2 (E.D.N.Y. Dec. 15, 1999).

10

the EEOC, the Court dismisses Plaintiff's employment discrimination claim on failure to exhaust and timeliness grounds.  *See, e.g.*, *Lewis v. Snow*, No. 01-cv-7785 (CBM), 2003 WL 22077457, at *5 (S.D.N.Y. Sept. 8, 2003) ("[I]f a plaintiff fails to file a timely charge with the EEOC, the claim is time-barred." (quoting *Butts v. N.Y.C. Dep't of Hous. Pres. and Dev.*, 990 F.2d 1397, 1401 (2d Cir. 1993)); *Parola*, 1999 WL 1215557, at *5 (dismissing Title VII claims for failure to meet the 45-day requirement).

### B.  Breach of Duty of Fair Representation Claim

With respect to the Union Defendants, the Court construes the Complaint to allege a claim for breach of the duty of fair representation claim pursuant to the CSRA.   Under the CSRA, "a union that is the exclusive representative of a bargaining unit of federal employees 'is responsible for representing the interests of all employees in the unit it represents without discrimination.'" *Wisham v. Comm'r of IRS*, No. 08-cv-8926 (DLC), 2009 WL 2526245, at *3 (S.D.N.Y. Aug. 19, 2009) (quoting 5 U.S.C. § 7114(a)(1)).  "A breach of this duty constitutes an unfair labor practice" under the CSRA.  *Id.* (citing 5 U.S.C. § 7116(b)(4)).  This statute also vests "exclusive jurisdiction over a claim" that a "union breached its duty of fair representation."  *Id.* (citing *Karahalios v. Nat'l Fed'n of Fed. Emps., Local 1263*, 489 U.S. 527, 529 (1989)).  "A federal employee charging that its union violated its duty of fair representation does not have a private cause of action against the . . . union for a breach of the duty of fair representation."  *Id.*  Rather, the employee "must file a charge with" the Federal Labor Relations Authority.  *Id.* (citing *Karahalios*, 489 U.S. at 532–33).

Here, Plaintiff alleges that the Union Defendants inadequately represented her in the negotiated grievance procedure, made misleading statements that they would submit Plaintiff's grievance claims against the VA to arbitration, and then subsequently refused to pursue arbitration on Plaintiff's behalf, but only after it was too late for Plaintiff to file a timely appeal with the MSPB with respect to her Grievance Complaint and the VA's denial of Plaintiff's reinstatement

request. (*See* Compl. at 23.) Collectively, these alleged facts clearly support a claim for breach of the Union's duty of fair representation. *See Wisham*, 2009 WL 2526245, at *4 ("[A]llegations that the [union] defendants were negligent, mishandled [plaintiff's] representation in connection with the IRS proceedings, and discriminated against [plaintiff] on the basis of his race allege a breach of the union's duty of fair representation.").

Nevertheless, the law is clear that the FLRA – and not this Court – has exclusive jurisdiction over Plaintiff's breach of the duty of fair representation claim. *See Luckett v. Derie*, No. 00-cv-1008 (TPG), 2000 WL 1376658, at *1 (S.D.N.Y. Sept. 25, 2000) ("The Supreme Court has held that . . . the Federal Labor Relations Authority has exclusive jurisdiction over a federal employee's claim against a union for breach of duty of fair representation." (citing *Karahalios*, 489 U.S. at 529)). Therefore, the Court dismisses this claim for lack of subject-matter jurisdiction.[3]

## C. Leave to Amend

Although a district court "has discretion to grant or deny leave to amend pleadings, it 'should freely give leave when justice so requires,'" *Young*, 2011 WL 6057849, at *1 (quoting Fed. R. Civ. P. 15(a)(2)), and generally "should not dismiss a *pro se* complaint 'without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated,'" *Yong Chul Son v. Chu Cha Lee*, 559 F. App'x 81, 83 (2d Cir. 2014) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). "Leave to amend is not necessary, however, when [amendment] would be futile." *Id.* (citing *Cuoco*, 222 F.3d at 112); *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 87 (2d Cir. 2002) ("An amendment to

---

[3] With respect to Defendant Jones, it is also well established that individual members of a union "cannot be held personally liable" for such a breach of duty of fair representation claim. *Wisham*, 2009 WL 2526245, at *7 n.5 (dismissing claims against individual union members "because union officials cannot be held personally liable in suits for the breach of the duty of fair representation"); *see also Morris v. Local 819, Int'l Bd. of Teamsters*, 169 F.3d 782, 784 (2d Cir. 1999) (noting that "individual union members" are "immun[e] . . . in suits for breach of the duty of fair representation"). Accordingly, as to Defendant Jones, the Court finds that this claim is also subject to dismissal on this alternate ground.

a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6).").

Here, a liberal reading of the Complaint suggests that a valid employment discrimination claim under Title VII might be stated against the VA.  Thus, to the extent that Plaintiff wishes to amend her Complaint, she may do so with respect to this claim, but only as to the VA.  Under Title VII, the only appropriate defendant in an employment discrimination action against a federal agency is the head of the agency.  Accordingly, if Plaintiff files an amended complaint, she should name the head of the VA – that is, VA Secretary Robert A. McDonald – as the sole named defendant in the amended complaint on behalf of the VA Defendants.  *See* 42 U.S.C. § 2000e-16(c) (the only appropriate defendant in an employment discrimination action against a federal department or agency is "the head of department [or] agency"); *see also Meiri v. Dacon*, 607 F. Supp. 22, 23 (S.D.N.Y. 1984), *aff'd*, 759 F.2d 989 (2d Cir. 1985) (same); *see, e.g.*, *Ezeh v. VA Med. Ctr.*, No. 13-cv-06563 (EAW), 2014 WL 4897905, at *15 (W.D.N.Y. Sept. 29, 2014) (finding that none of the named defendants "are appropriate defendants in this employment discrimination action" and "substitut[ing] . . . Robert A. McDonald, Secretary of Veterans Affairs, as the sole defendant in this matter").

Moreover, if Plaintiff chooses to file an amended complaint, she should be sure to include facts that are relevant to whether she is entitled to equitable tolling, since absent a finding that equitable tolling is applicable, Plaintiff's discrimination claim is untimely and must be dismissed with prejudice.  In particular, Plaintiff should provide additional facts as to her interactions with the EEOC and why she filed her EEOC complaint as late as she did (in July 2014).  Further, to the extent that there are additional facts not currently alleged in the Complaint that indicate pre-July 2014 efforts by Plaintiff to raise a discrimination claim, including through the grievance procedure,

13

Plaintiff should include such information in her amended complaint as well.  Finally, in addition to the exhibits already attached to the current Complaint (which Plaintiff should also attach to an amended complaint if she files one), Plaintiff should also attach the following documents to an amended complaint if she has them:  (1) a copy of the MSPB's decision dismissing Plaintiff's appeal, (2) a copy of the EEOC complaint that Plaintiff filed in July 2014, and (3) a copy of the Collective Bargaining Agreement in effect at the time of Plaintiff's negotiated grievance procedure.

As for the other Defendants, however, the Court concludes that amendment would be futile.  First, Plaintiff cannot state a claim against the individual Defendants, since individuals cannot be held liable for employment discrimination under Title VII.  *See, e.g.*, *Burton v. Am. Fed'n of Gov't Emps. (AFGE) 1988*, No. 11-cv-1416 (SLT) (LB), 2012 WL 3580399, at *16 n.1 (E.D.N.Y. Aug. 17, 2012) (refusing to construe complaint as alleging "a Title VII claim . . . against the individual defendants," including members of plaintiff's former union, since "Title VII actions" cannot "be brought against individual defendants"); *Young*, 2011 WL 6057849, at *3 ("[T]he law is clear that employers' agents, such as supervisors, are not subject to individual liability under . . . Title VII.").  Similarly, there is no potential liability as to DHS and the Union on this claim, since they were never Plaintiff's employers.

Finally, since the Court lacks jurisdiction over Plaintiff's claim against the Union Defendants for breach of the duty of fair representation, the Court declines to grant Plaintiff leave to amend on this claim, which would also be futile.  Accordingly, the Court declines to grant Plaintiff leave to amend as to these Defendants.

## IV.  CONCLUSION

For the reasons set forth above, the Court GRANTS Defendants' motions to dismiss.  However, the Court also GRANTS Plaintiff leave to amend her Title VII discrimination claim

against her former employer, the VA. Accordingly, IT IS HEREBY ORDERED THAT Plaintiff shall file an amended complaint by May 4, 2016. Plaintiff is reminded that if she files such an amended complaint, she must name VA Secretary Robert A. McDonald as the sole defendant on behalf of the VA.

The Clerk of the Court is respectfully directed to mail a copy of this Order to Plaintiff at the address listed below and to terminate the motions pending at docket entries 35 and 48.

SO ORDERED.

Dated:   March 31, 2016
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

A copy of this Order was mailed to:

Tiza Wilder
520 West 56th Street
Apt. 5B
New York, NY 10019

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-31-16